## MISCELLANEOUS DISMISSALS

**96–956.** Marsh v. U.S. Marshals Serv. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

**96–1042.** State ex rel. Youngstown City School Dist. Bd. of Edn. v. Krichbaum. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relator's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**96–1045.** Barrett v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

**96–1047.** Watson v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

**96–1048.** Mieras v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

**96–1049.** Randy v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

**96–1063.** Howard v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

*Monday, May 13, 1996*

## DISCIPLINARY DOCKET

**94–2701.** Disciplinary Counsel v. Pagac. On May 6, 1996, respondent Paul Pagac III filed a motion requesting that this court amend its decision of June 28, 1995. Respondent's motion is, in substance, a motion for reconsideration and, as such, is not timely under S.Ct.Prac.R. XI. Whereas S.Ct.Prac.R. XI prohibits the filing of untimely motions for reconsideration,

IT IS ORDERED by the court, *sua sponte,* that respondent's motion be, and hereby is, stricken, effective May 10, 1996.

**96–1034.** In re Complaint Against Dye. This cause is a matter relating to the practice of law that originated in this court on the filing of a petition for a writ of habeas corpus ad testificandum. Upon consideration thereof,

IT IS ORDERED by the court that the writ of habeas corpus ad testificandum compelling respondent Sheriff Jim Karnes to bring Vicky Stringer and Rodney Stringer to testify as witnesses in the case of In re Complaint Against Lewis W. Dye, now pending before a panel of the Board of Commissioners on Grievances and Discipline, be, and hereby is, granted.

Cook, J., dissents.

Pfeifer, J., not participating.